UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ANTONIO ANDRADE, JR., | : | Civil Action No. 18-14970 (SRC) |
|  | : |  |
| Plaintiff, | : |  |
|  | : | OPINION |
| v. | : |  |
|  | : |  |
| COMMISSIONER OF | : |  |
| SOCIAL SECURITY, | : |  |
| Defendant. | : |  |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Antonio Andrade, Jr. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning July 31, 2014. A hearing was held before ALJ Richard West (the "ALJ") on April 25, 2018, and the ALJ issued an unfavorable decision on June 27, 2018. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of June 27, 2018, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain limitations. At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform any past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on three grounds: 1) there is new and material evidence; 2) the ALJ's determination at step four is not supported by substantial evidence; and 3) the ALJ erred at step four by failing to adequately consider the VA disability ratings.

Plaintiff contends that the key question in the disability determination is whether there is evidence of disability from before Plaintiff's date last insured, September 30, 2014. Plaintiff contends that he submitted new and material medical evidence to the Appeals Council after the ALJ issued the decision, but that it was ignored. Plaintiff does not, however, articulate any argument about how this new evidence should impact the instant appeal, if at all. Plaintiff argues only that the new evidence demonstrates that the ALJ's determination of no disability was not correct. (Pl.'s Br. 16-17.) Plaintiff cites no legal authority that explains the role this new evidence should play in this Court's review.

The Commissioner, in opposition, argues that the new evidence may not be considered,

citing <u>Matthews v. Apfel</u>, 239 F.3d 589, 594 (3d Cir. 2001) (citations omitted), which states:

> We have previously held that evidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence. No statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council decision to deny review. No statutory provision authorizes the district court to make a decision on the substantial evidence standard based on the new and material evidence never presented to the ALJ. Instead, the Act gives the district court authority to remand the case to the Commissioner, but only if the claimant has shown good cause why such new and material evidence was not presented to the ALJ.

<u>Matthews</u> makes clear that, as the Commissioner argues, the new evidence may not be considered by this Court in its review of the Commissioner's decision. The Commissioner does not mention, however, that <u>Matthews</u> does authorize this Court to remand the case to the Commissioner for consideration of the new evidence, "but only if the evidence is new and material and if there was good cause why it was not previously presented to the ALJ." <u>Id.</u> at 593. Although Plaintiff's brief argued that the evidence is new and material, Plaintiff has made no demonstration – or even assertion – that the good cause requirement has been met. As such, Plaintiff has failed to make the necessary showing to warrant a remand for consideration of the new evidence, pursuant to <u>Matthews</u>.

Plaintiff next argues that, regardless of the Court's decision about the new evidence, the ALJ's step four determination ignored the evidence of record that showed severe functional limitations that existed prior to the date last insured. In support, Plaintiff's brief points to five things in the medical record. Plaintiff fails to persuade because he has confused evidence of diagnosis and treatment of a medical problem with evidence of disability. Each of Plaintiff's five asserted pieces of evidence supports finding that Plaintiff had received a diagnosis of post-traumatic stress disorder, as well as treatment, prior to the date last insured. There is no dispute

3

that Plaintiff suffered from PTSD prior to the date last insured but, as the Commissioner contends, diagnosis of a medical condition by itself does not establish that a person has a disabling impairment. None of the five cited pieces of evidence makes any reference to Plaintiff's ability to work. Plaintiff has not pointed to any material evidence that the ALJ overlooked. Nor has Plaintiff cited any evidence of record that shows work-related functional limitations prior to the date last insured.

In the written opinion, the ALJ explained at several points that there was little evidence of record pertaining to the period before 2016. For example, the ALJ wrote:

> The record was limited prior to 2016. The evidence available prior to the date last insured indicated the claimant had conditions, but the exact nature of his limitations at the time was unclear.

(Tr. 36.) In making the residual functional capacity determination, the ALJ placed greatest weight on the opinion of a psychological consultant who reviewed the records, Dr. Kahn. (Tr. 37.) The ALJ commented that Dr. Kahn did not have evidence for the period from 2014 to 2016. (Id.) Thus, the ALJ was quite aware that the record contained scant evidence regarding Plaintiff's functional capacity prior to the date last insured, but the burden of production of that evidence was on Plaintiff. Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Plaintiff has not persuaded this Court that the ALJ overlooked material evidence of disability. Rather, the ALJ relied on the opinion of a psychological consultant that the evidence showed relevant functional limitations as of 2016, but not earlier. This constitutes substantial evidence in support of the Commissioner's decision.

Last, Plaintiff argues that the ALJ erred by failing to "adequately consider" the disability rating of the Veteran's Administration. It is undisputed that the VA rated Plaintiff as having a 90% overall disability and a 70% mental health disability. The ALJ stated that he considered the VA disability ratings but gave them little weight.

Plaintiff does not articulate what was inadequate about the ALJ's consideration of the VA ratings, nor does Plaintiff cite any law that the ALJ failed to follow. The Commissioner notes that 20 C.F.R. § 404.1504 specifically states that the Commissioner is not bound by disability determinations made by the Department of Veterans Affairs. The Commissioner also points out, quite reasonably, that there is nothing in the record which would have enabled the ALJ to make inferences about what Veteran's Administration disability determinations mean. There was simply no basis for the ALJ to make any inference about what a VA determination of 70% disability means.

Plaintiff has failed to persuade this Court that the ALJ erred in his decision, or that he was harmed by any errors. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                                    s/ Stanley R. Chesler
                                                STANLEY R. CHESLER, U.S.D.J.

Dated: October 4, 2019